El Pueblo de Puerto Rico, demandante y apelado *v.* Leila Nazario de Martínez, acusada y apelante.

Núm. 5854.—*Sometido:* Febrero 25, 1936.    *Resuelto:* Julio 31, 1936.

*A. Lastra Chárriez* y *Justo A. Casablanca,* abogados de la apelante; *Oscar Gandía,* interventor, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El juez de distrito ordenó a la apelante Leila Nazario de Martínez que depositara la suma de $500 para cubrir el valor estimado de una transcripción de la evidencia que se utilizaría como parte de la transcripción de autos en apelación. La acusada entonces solicitó de la corte dictara una orden decretando que se le suministrara la transcripción libre de costo alguno. En su moción ella adujo: que no estaba en condiciones de efectuar el depósito porque no tenía bienes ni percibía rentas ni sueldo de clase alguna; que los cuantiosos gastos incurridos en su defensa le habían creado una situación económica dolorosa, habían agotado sus ahorros y se hallaba insolvente; que el taquígrafo había recibido la suma de $100 que la apelante había podido tomar a préstamo y podido reunir después de ímprobos sacrificios y desasosiegos; que había sido diligente en sus esfuerzos para conseguir el balance de la cantidad interesada por el taquígrafo y que sus esfuerzos habían resultado infructuosos debido a la honda crisis económica reinante y a la negativa de sus amigos de ayudarla; que la transcripción de evidencia era necesaria, esencial e indispensable para la de-

bida sustanciación del recurso interpuesto (especificando las razones que tenía para ello). Esta moción estaba suscrita y jurada por el letrado de la apelante, quien hacía constar: que la había redactado de acuerdo con la relación héchale por la madre de la acusada, quien le había enterado de la insolvencia de la apelante Leila Nazario de Martínez y asegurado que esos hechos eran ciertos y verdaderos; que la acusada no juraba la moción por encontrarse enajenada mentalmente; que la madre no lo hacía por estar residiendo fuera del distrito y en la ciudad de Mayagüez y que José Martínez, esposo de la apelante, tampoco lo hacía porque se encontraba fuera de Puerto Rico; que el deponente creía que la información suministrádale era cierta y que según su leal saber y entender juraba que los hechos que se exponían eran ciertos, constándole también que es cierta la certeza de aquéllos.

El juez de distrito declaró sin lugar esta moción por no estar jurada por la madre de la apelante y porque el juramento del letrado hecho por información y creencia no la satisfacía de que la apelante fuera insolvente.

En otra moción suscrita y jurada por el letrado de la apelante éste manifestó que le constaba de propio conocimiento que Leila Nazario es enteramente insolvente; que ella no tiene bienes de fortuna muebles ni semovientes; que tiene una buena y legítima causa de acción en su apelación ante el Tribunal Supremo, consistente en los errores enunciados en los autos del caso y más particularmente en la resolución negativa de la corte inferior al *"writ of error coram nobis"*; que Leila Nazario no juraba dicha moción porque se hallaba en Mayagüez, fuera del distrito judicial de San Juan y porque su abogado tenía igual o mejor conocimiento de los hechos enunciados que la propia Leila Nazario. Esta moción iba acompañada de una declaración jurada suscrita por Dolores Rivera viuda de Nazario, madre de la acusada, de la cual declaración tomamos el siguiente extracto:

"Que Leila Nazario de Martínez es hija legítima de la declarante; que afirma categóricamente que su hija Leila es absolutamente insolvente, careciendo de bienes de fortuna; y que no percibe dicha Leila Nazario rentas de clase alguna ni especie, ni recibe sueldo de ninguna clase.

"Que afirma categóricamente que su hija Leila no tiene ni puede disponer de dinero alguno para sufragar los gastos en su apelación interpuesta para ante el Hon. Tribunal Supremo de Puerto Rico;

"Y que según le informa el abogado de dicha Leila Nazario, ésta cuenta con una buena defensa, consistente en la revisión de resoluciones dictadas por la Corte de Distrito de San Juan en el juicio oral y en la resolución dictada en el 'Writ of Error Coram Nobis.'

"Que lo anteriormente aseverado es la verdad, toda la verdad y nada más que la verdad y ratifica esta declaración por ser cierta y constarle de personal y propio conocimiento."

Estas dos declaraciones juradas parecen cumplir con la objeción puesta por el juez de distrito al declarar sin lugar la primera moción. El juez de distrito no adujo razones al declarar sin lugar la segunda moción. Ésta, al igual que la primera, estaba titulada moción de reconsideración y el taquígrafo en una moción para eliminarla la discutió extensamente como si se tratara de una moción de reconsideración. En lo que a este aspecto de la moción se refiere, el juez de distrito probablemente estuvo en lo cierto al declararla sin lugar. Sin embargo, en sustancia y efecto ni la una ni la otra eran una moción para reconsiderar. Ambas fueron esencialmente, a nuestro juicio, mociones solicitando permiso para proseguir el recurso de apelación en forma *pauperis*. La concesión de una u otra hubiera dejado sin efecto la orden anterior que exigía un depósito de $500. El dejar sin efecto esta orden, sin embargo, como incidente a la concesión de la moción para litigar en forma *pauperis* no hubiera llevado consigo ninguna reconsideración de la cuestión que estuvo ante la corte y por ésta resuelta al tiempo de ordenar la consignación. La segunda moción debió haberse resuelto en sus méritos, irrespectivamente de lo que pudiera haber creído el juez de distrito sobre las razones allí con-

signadas para solicitarse se reconsiderara su orden anterior. A menos que el juez de distrito tuviera algún fundamento para creer que las manifestaciones juradas hechas por la madre de la acusada y por el letrado de propio conocimiento respecto a la imposibilidad de la apelante de hacer la consignación eran falsas, él debió haber ordenado al taquígrafo que suministrara la transcripción de evidencia libre de costo alguno en adición a los $100 ya recibidos. Si por alguna razón meritoria que no aparece de la faz de los autos que tenemos ante nos el juez de distrito consideró insuficiente el caso presentádole por la acusada, él debió haber hecho constar las razones que tenía para declarar sin lugar la moción, de forma que la apelante hubiera podido tener la oportunidad de convencerla, si ello era posible, presentándole el caso más ampliamente. Si bien el juez de distrito debe quedar convencido de que un apelante no está realmente en condiciones de pagar por la transcripción de la evidencia, sin embargo el acusado tiene derecho a saber por qué el caso prima facie por él presentado respecto a su imposibilidad de pagar ha dejado de convencer a la corte.

*Debe revocarse la resolución de la corte de distrito que declaró sin lugar la segunda moción de la apelante y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.